ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
AURELIO J. PÉREZ, Bar No. 282135
aperez@littler.com
BYUNG-KWAN PARK, Bar No. 306719
bpark@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: (415) 433-1940
Fax: (415) 399-8490

Attorneys for Defendants
VELOCITY EXPRESS, LLC, TRANSFORCE,
INC., and DYNAMEX OPERATIONS EAST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CLAUDE K. BOCONVI and JAMES R. MACK,<br><br>Plaintiffs,<br><br>v.<br><br>VELOCITY EXPRESS, LLC a wholly-owned subsidiary of Dynamex Operations East, LLC, TRANSFORCE, INC., and DYNAMEX OPERATIONS EAST, LLC,<br><br>Defendants. | Case No.  3:12-cv-02623-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE ESTIMATES OF OVERTIME AND EXPENSE DAMAGES WHERE ACTUAL RECORDS WERE CREATED BUT NOT PRODUCED[1]**<br><br>Complaint Filed:            Nov. 9, 2012<br>1st Amended Complaint Filed:   Jan. 8, 2013<br>2nd Amended Complaint Filed:  July 18, 2013<br>3rd Amended Complaint Filed:  Mar. 28, 2014<br>4th Amended Complaint Filed:  June 26, 2014<br><br>Date:     June 7, 2017<br>Time:    8:30 A.M.<br>Place:    Courtroom 9, 19th Floor<br>Judge:   Hon. Jon. S. Tigar |

---

[1] Previously filed (rejected by clerk) in Case No. 3:12-CV-05790-JST at docket 271, and re-submitting for filing under the current case number.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94014
415.433.1940

DEFS' MIL NO. 2 TO EXCLUDE ESTIMATES

Case No. 3:12-cv-02623-JST

## NOTICE OF MOTION *IN LIMINE*

PLEASE TAKE NOTICE THAT on June 7, 2017 at 8:30 A.M. or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendants Velocity Express, LLC, TransForce, Inc., and Dynamex Operations East, LLC (collectively, "Defendants" or "Velocity") will, and hereby do, move this Court for an Order excluding evidence of estimates of overtime and expense damages where actual records were created, but not produced. *See* Fed. R. Evid. 403.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs seek thousands of dollars in expenses and overtime based on nothing more than their off-hand assertions of the time they worked and the amounts of expenses they spent more than five years ago. Plaintiffs need to prove their specific damages and cannot be allowed to merely guess at damages. Only actual records of expenses can allow for appropriate verification of expenses. Likewise, any payroll records, or other data maintained on hours worked, must be reviewed to determine what hours were actually worked. Accordingly, through this Motion *in Limine*, Defendants seek an Order from this Court precluding Plaintiffs, counsel for Plaintiffs, and any witnesses from introducing evidence of estimates of overtime and expense damages where actual records were created, but not produced.

### II.   LEGAL ARGUMENT

Plaintiff Mack seeks overtime damages under state and federal law and, separately, reimbursement for expenses under the California Labor Code arising from the services he provided to Velocity. Yet Mr. Mack has not produced *any* records of the expenses he incurred or the time he worked for Velocity. Mr. Mack's failure to produce documents that would substantiate his claimed damages is surprising for a number of reasons. First, Mr. Mack's obligation to maintain records

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94014
415.433.1940

DEFS' MIL NO. 2 TO EXCLUDE ESTIMATES   1.   Case No. 3:12-cv-02623-JST

related to this lawsuit arose as soon as he understood he might have a claim under the suit. *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984) (The duty to preserve exists where a party "is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence."). While the exact date is unclear, Mr. Mack certainly knew of his involvement by the time he consented to join this lawsuit in September 2013. (ECF 72-1, pg. 52). Further, there is no dispute that Mr. Mack did provide delivery services to Velocity in 2013. (May 5, 2017 Complaint, ¶ 14.) Taken together, at the time Mr. Mack joined this lawsuit, he should have possessed tax records and documents substantiating any claimed expenses for the prior three tax years (i.e., 2009-2012).[2]

Further, Mr. Mack ostensibly filed his 2013 taxes – which would have covered the last year he contracted with Velocity – in 2014, i.e., *after* he joined this lawsuit. Nonetheless, Mr. Mack has failed to produce any such returns (or records of expenses) for 2013 either. In short, Mr. Mack has either failed to maintain or failed to produce records that would substantiate his claimed damages. He now must accept the consequences of his (in)action.

Specifically, the Court cannot permit Plaintiff to seek recovery based on whatever numbers he 'recalls' when other unproduced records do or, at very least, should exist. Whether in the form of receipts demonstrating the actual amount of expenses incurred or tax records constituting a more contemporaneous accounting of the business expenses he incurred – as submitted under penalty of perjury to the federal government.

On the contrary, the Court should limit Mr. Mack's damages claims to amounts that can be substantiated through records that were produced in discovery. Estimates – whether by Plaintiffs or a proffered expert – fail for one of two reasons. If estimates are not based on evidence (i.e., records of actual expenses) they are inadmissible speculation. If, on the contrary, estimates are based on time and expense records (whether maintained or discarded), then the estimates alone are

---

[2] *See* IRS: How long should I keep records? (https://www.irs.gov/businesses/small-businesses-self-employed/how-long-should-i-keep-records). More generally, Plaintiff was (or should have been) incentivized to keep receipts because he was entitled to claim and deduct business expenses on his income tax returns. Every dollar of substantiated expense means one less dollar of taxable income.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94014
415.433.1940

DEFS' MIL NO. 2 TO EXCLUDE ESTIMATES   2.   Case No. 3:12-cv-02623-JST

likely hearsay and violate the best evidence rule. Stated more simply, Plaintiff's claims for damages cannot arise only from self-serving testimony – actual records are necessary.

In this regard, Plaintiffs are likely to continue to rely on *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), to argue that they may put forward estimates from which the Court can draw 'just and reasonable inferences' as to the damages owed.[3] But this misstates the law – under *Mt. Clemens* Plaintiffs are only entitled to "just and reasonable inferences . . . where the employer's records are inaccurate or inadequate *and the employee cannot offer convincing substitutes*." *Id.* at 687 (emphasis added).[4] Indeed, in similar cases Courts have held that plaintiffs need receipts to support a claim for unreimbursed expenses in violation of Labor Code section 2802. In *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1, 19-20 (2007), the trial court only admitted records from misclassified employees showing actual expenses (as opposed to expert or lay estimates). The California Court of Appeal explained that the plaintiffs' professed entitlement to use estimates "is premised on a finding that the amounts due to the drivers were not susceptible of exact proof." *Id.* at 20. Unlike situations in which damages cannot be proved with certainty, the drivers' allegedly unreimbursed expenses were capable of exact proof: a receipt from the purchase or some other contemporaneous record. *See also Green v. Lawrence Service Co.*, No. LA CV12–06155 JAK (VBKx), 2013 WL 3907506, at *11 (C.D. Cal. July 23, 2013) (denying plaintiff's motion for summary judgment on § 2802 claim in part because she did not provide "evidence of the specific necessary expenses incurred, *i.e.*, exactly what Plaintiff had to buy or use and how much it cost").

Finally, Mr. Mack's failure to maintain and produce documents has and will prevent Defendants from challenging the validity or amount of Mr. Mack's claimed expenses. Only an order precluding that testimony could prevent Mr. Mack from seeking a windfall by recovering expenses that he never personally incurred, that were not subject to reimbursement, or were already reimbursed.

---

[3] Plaintiffs have previously made such an argument. *See* ECF 216, pg. 8.

[4] *Anderson v. Mt. Clemins Pottery Co.*, 328 U.S. 680 (1946) involved FLSA claims for uncompensated work for pottery factory employees. The *Anderson* employees punched in to a time clock, then had to walk 30 second to 3 minutes to their work stations, and then once they arrived at their workstations, spent time preparing themselves and their station for work. Consequently, there was an estimated 5-7 minutes of time between when employees clocked in and when they started working. *Id.* at 685. In *Mt. Clemens*, unlike here, there had never been any other records that might have demonstrated the amount of time plaintiffs spent.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94014
415.433.1940

DEFS' MIL NO. 2 TO EXCLUDE ESTIMATES   3.   Case No. 3:12-cv-02623-JST

Accordingly, the Court should limit Plaintiff's damages claims to amounts where either (1) records were created and produced in discovery pursuant to Federal Rule of Evidence 1004, or (2) records, for whatever reason, never existed. All other evidence, including unverified estimates of expenses, should be excluded.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an order precluding Plaintiffs, counsel for Plaintiffs, and any witnesses from testifying about, introducing evidence of, or arguing about estimates of overtime and expense damages where actual records were created, but not produced.

Dated: May 22, 2017

*/s/ Aurelio Pérez*
ROBERT G. HULTENG
AURELIO J. PÉREZ
BYUNG-KWAN PARK
LITTLER MENDELSON, P.C.
Attorneys for Defendants
VELOCITY EXPRESS, LLC,
TRANSFORCE, INC., and DYNAMEX
OPERATIONS EAST, LLC

Firmwide:147780873.1 064752.1003

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94014
415.433.1940

DEFS' MIL NO. 2 TO EXCLUDE ESTIMATES    4.    Case No. 3:12-cv-02623-JST