1  ROBERT G. HULTENG, Bar No. 071293
   rhulteng@littler.com
2  AURELIO J. PÉREZ, Bar No. 282135
   aperez@littler.com
3  BYUNG-KWAN PARK, Bar No. 306719
   bpark@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, California 94104
   Telephone: (415) 433-1940
6  Fax: (415) 399-8490

7  Attorneys for Defendants
   VELOCITY EXPRESS, LLC, TRANSFORCE,
8  INC., and DYNAMEX OPERATIONS EAST, LLC

9                  UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11 CLAUDE K. BOCONVI and JAMES R.        Case No.  3:17-cv-02623-JST
   MACK,
12                                       **DEFENDANTS' NOTICE OF MOTION
                                         AND MOTION *IN LIMINE* NO. 4 TO
13              Plaintiffs,              EXCLUDE COMMUTE TIME FROM
                                         RECOVERY**[1]
14      v.

15 VELOCITY EXPRESS, LLC a wholly-       Complaint Filed:              Nov. 9, 2012
   owned subsidiary of Dynamex Operations 1st Amended Complaint Filed:  Jan. 8, 2013
16 East, LLC, TRANSFORCE, INC., and      2nd Amended Complaint Filed:  July 18, 2013
   DYNAMEX OPERATIONS EAST, LLC,         3rd Amended Complaint Filed:  Mar. 28, 2014
17                                       4th Amended Complaint Filed:  June 26, 2014
              Defendants.
18                                       Date:     June 7, 2017
                                         Time:     8:30 A.M.
19                                       Place:    Courtroom 9, 19th Floor
                                         Judge:    Hon. Jon. S. Tigar
20

21

22

23

24

25

26

27
   ───────────────────────────
28 [1] Previously filed (rejected by clerk) in Case No. 3:12-CV-05790-JST at docket 273, and re-submitting for filing under
   the current case number.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFS' MIL NO. 4 TO EXCLUDE
COMMUTE TIME FROM RECOVERY

Case No. 3:17-cv-02623-JST

1

## NOTICE OF MOTION *IN LIMINE*

PLEASE TAKE NOTICE THAT on June 7, 2017 at 8:30 A.M. or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendants Velocity Express, LLC, TransForce, Inc., and Dynamex Operations East, LLC (collectively, "Defendants" or "Velocity") will, and hereby do, move this Court for an Order excluding evidence of Plaintiffs' commute time. *See* Fed. R. Evid. 403.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  If evidence has a "tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action" then the evidence is relevant. Fed. R. Evid. 401.  Evidence of commute time should be excluded from recovery as irrelevant as it is not compensable here. Through this Motion *in Limine*, Defendants seek an Order from this Court precluding Plaintiffs, counsel for Plaintiffs, and any witnesses from introducing evidence of commute time.

### II.     LEGAL ARGUMENT

Dr. Sherman's report calculated the overtime owed to each Plaintiff based on the number of hours they reported in their Plaintiff Questionnaire.  (Dr. Jerome Sherman Report, Exhs. C, E.) However, this calculation assumes that the hours reported on the Plaintiff Questionnaires were entirely compensable work time.  As a result, to the extent Dr. Sherman included commute time in his estimates of hours worked, and Plaintiffs seek to recover for commute time, Plaintiffs should not be able to recover and any such evidence should be excluded as irrelevant.

Employers are generally not required to pay employees for the normal commute hours between home and work, which is non-compensable. *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1054 (9th Cir. 2015) ("[a]n employee's commute is not typically compensable").  The California Industrial Welfare

Commission Wage Order defines "hours worked," in relevant part, as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

Based on the definition of "hours worked" in the wage orders, California courts have focused on the extent to which an employer controls the time of the employee during a specific commute to the worksite. *See Morillion v. Royal Packing*, 22 Cal. 4th 575, 586 (2000); *Sullivan v. Kelly Services, Inc.*, No. C 08-3893 CW, 2009 U.S. Dist. LEXIS 96544 at *14-15 (N.D. Cal. 2009) (travel time not compensable under California law where employer did not control the manner in which plaintiff traveled to and from interviews); *Overton v. Walt Disney Company*, 136 Cal. App. 4th 264, 271 (2006). The chief question is the "when, where, and how the laborers commuted to work." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1056 (9th Cir. 2015) (internal citations omitted).

For example, in the seminal travel time case in California, *Morillion v. Royal Packing*, 22 Cal. 4th 575 (2000), the California Supreme Court considered the question of whether an employer was required to compensate field workers for time spent traveling to and from the fields on company buses, where the use of the buses was mandatory. The *Morillion* court noted the definition of "hours worked" under the applicable wage order and held that the employees were subject to the control of their employer while riding on the buses because they were compelled to do so. *Id*. at 586. Unlike employees who were free to commute to work on their own, and could therefore determine when to leave, what route to take, and whether to run certain errands along the way, the employees in *Morillion* had no such freedom. *Id*. at 586-87. "The level of the employer's control over its employees, rather than the mere fact that the employer requires the employees' activity, is determinative." *Id*. Thus, "employers do not risk paying employees for their travel time merely by providing them transportation. Time employees spend traveling on transportation that an employer provides but does not require its employees to use may not be compensable as 'hours worked'" *Id*. at 587-88.

Likewise, in *Rutti v. Lojack Corp*., 596 F.3d 1046 (9th Cir. 2010), the Ninth Circuit concluded that the home-to-work commute by a company technician was compensable under California law. There, the employer required employees to commute from home to work in company-provided vehicles. *Id*. at 1049. Employees were prohibited from carrying passengers or making personal errands

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MIL NO. 4 TO EXCLUDE
COMMUTE TIME FROM RECOVERY                    2.                    Case No. 3:17-cv-02623-JST

while commuting.  *Id.* at 1053.  The court concluded that the amount of control exercised over the commute was determinative of whether the commute would be work time or not under state law.  *Id.* at 1062.  Because so much control was exercised over the commute, the commute time was therefore considered work time under California law.  *Id.*  In short, commute time is generally not compensable under California law.

The same conclusion holds under federal law.  Specifically, under the Fair Labor Standards Act, travel time between home and work is generally not compensable under the Portal-to-Portal Act.  29 U.S.C. § 254(a); 29 C.F.R. § 785.35; *see Kavanagh v. Grand Union Co., Inc.,* 192 F.3d 269, 272 (2nd Cir. 1999) (appliance repairman's average daily commute between home and shifting worksites in 3 states was "normal travel," not compensable overtime under FLSA).

Here, Plaintiffs were free to choose not only what vehicle they drove in performing delivery services, and even whether they went at all (or, instead, sent one of their own workers). Even if they did travel, they were subjected to no limitations on whether they could run any errands.  Such commute time is not compensable given that the Plaintiffs were not under the control of Defendants. Because the commute time is non-compensable, any evidence of commute time should be excluded as irrelevant.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an order precluding Plaintiffs, counsel for Plaintiffs, and any witnesses from testifying about, introducing, or relying upon evidence of non-compensable commute time.


Dated: May 22, 2017                     */s/ Aurelio Pérez*
                                        ROBERT G. HULTENG
                                        AURELIO J. PÉREZ
                                        BYUNG-KWAN PARK
                                        LITTLER MENDELSON, P.C.
                                        Attorneys for Defendants
                                        VELOCITY EXPRESS, LLC,
                                        TRANSFORCE, INC., and DYNAMEX
                                        OPERATIONS EAST, LLC

Firmwide:147780928.1 064752.1003

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFS' MIL NO. 4 TO EXCLUDE
COMMUTE TIME FROM RECOVERY                3.                Case No. 3:17-cv-02623-JST